## *In re* CARNES.

*(Circuit Court, S. D. Georgia, W. D.* June 28, 1887.)

JUROR—EXEMPTION—DISQUALIFICATION—FEDERAL COURTS.

That one summoned as a juror in the United States courts was an officer of the navy anterior to the late war; that he resigned, and thereafter served in the Confederate army: and that his disabilities have not been removed,—will not support a personal claim for exemption from jury duty.

*(Syllabus by the Court.)*

*W. W. Carnes, in propria persona.*
No counsel *contra.*

SPEER, J.   W. W. Carnes was summoned as a tales juror by special *venire,* returnable this day.   He protested, when about to be sworn, that he is not liable to perform jury duty in the courts of the United States.   His name was drawn regularly, and appears on a revised list of jurors of the circuit court filed at this term.   The reasons he assigns for exemption are that he was an officer of the United States navy (a midshipman) anterior to the late war, and that he resigned and took service with the Confederacy, commanding a battery of artillery in its army, and that his disabilities consequent upon such action have never been removed; that he can hold no office of profit or trust under the government, and should not be compelled to serve as a juror.   The objection must be overruled.   Capt. Carnes is a resident and citizen by birth of the United States of America, having their protection, and enjoying all of the enlarged and liberal advantages of such citizenship. Should his rights be infringed by any other nationality, the government would extend to them the same jealous and watchful supervision that another citizen would have under similar circumstances.   It is altogether anomalous, and not to be permitted, that, enjoying these privileges, he should be exempt from jury duty because of any action of his during the late war.   If he could for this reason decline to serve on the juries, he might, with the same propriety, decline to serve in the armies of the country; and thus would be presented the extraordinary spectacle of a citizen excused from defending his government because previously he had been in armed resistance to it.   The government might raise this question, but does not do so.   The juror is known to be a man of exemplary character, and now devoted to the Union and constitution of the United States.

Besides, the Revised Statutes, § 800, provide that jurors in the United States courts shall possess the same qualifications, and be entitled to the same exemptions, as jurors in the state courts, and no other, and it is not disputed that Capt. Carnes is qualified to serve as a juror by the laws of Georgia.   This statute operates as a repeal of his disabilities, so far as service as a juror in the United States courts is concerned.   I hold that while, since Capt. Carnes has not thought proper to apply for the removal of his disabilities, he may not be permitted to hold offices of trust and

profit under the general government, he cannot for that reason be exempted from rendering the usual services, and performing the ordinary duties, of citizenship. This is a direct and beneficent result of the complete restoration of our government in all of its integrity, and the redintegration of our people in their rights of citizenship, after the termination of the unhappy struggle between the sections of our common country,—a marvelous instance of the presence of an advanced civilization, literally without parallel in history, satisfying the most incredulous of the perpetuity of our liberties, and silencing the criticism of republican institutions.